UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN SHAW, JR., | ) | CASE NO. 4:18CV487 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| CHAE HARRIS[1], Warden, | ) | Report and Recommendation of |
| | ) | Magistrate Judge |
| Respondent. | ) | |

Pro se Petitioner Melvin Shaw Jr. ("Petitioner"), a state prisoner currently incarcerated at the Lebanon Correction Institution in Lebanon, Ohio, has filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred in conjunction with his Mahoning County, Ohio Court of Common Pleas convictions for: aggravated murder; attempted murder; two counts of felonious assault; one count of improper discharge of firearm at or into a habitation; and firearm specifications attached to each conviction. ECF Dkt. #1; ECF Dkt. #7-1 at 12-13. On February 22, 2018, Petitioner executed his federal habeas corpus petition which was filed with this Court on March 2, 2018. ECF Dkt. #1.

On May 9, 2018, Respondent, Warden of the Lebanon Correctional Institution (Respondent") where Petitioner is housed, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition based upon its untimely filing. ECF Dkt. #7. On September 21, 2018, Petitioner filed a response to the motion to dismiss. ECF Dkt. #10.

---

[1] According to the Ohio Department of Rehabilitation and Correction website, Chae Harris is now the Warden of Lebanon Correctional Institution. *See* http://drc.ohio.gov/leci. Thus, the docket should reflect Warden Chae Harris as the Respondent in this case.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss and DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice based upon Petitioner's untimely filing of the petition. ECF Dkt. #s 1, 7.

## I. PROCEDURAL BACKGROUND

### A. State Trial Court

On July 22, 2010, the Mahoning County Grand Jury issued an indictment charging Petitioner with: one count of aggravated murder in violation of Ohio Revised Code ("ORC") § 2903.01(A)(F) with a firearm specification; one count of attempted murder in violation of ORC § 2903.02(A)(D) with a firearm specification; two counts of felonious assault in violation of ORC § 2903.11 (A)(1)(2)(D) with firearm specifications; and one count of improper discharge of a firearm at or into a habitation in violation of ORC § 2923.161(A)(1)(C). ECF Dkt. #7-1 at 4-6. Petitioner was arraigned on August 3, 2010, and entered a not guilty plea to all charges. *Id*. at 7.

On February 17, 2012, Petitioner, through counsel, filed a motion to suppress a photo-lineup identification of him based upon its suggestiveness. ECF Dkt. #7-1 at 8. The trial court overruled the motion on May 8, 2012 after a hearing on the matter. *Id.* at 10-11.

On May 21, 2012, after a jury trial, Petitioner was found guilty on all of the charges in the indictment and all firearm specifications. ECF Dkt. #7-1 at 12-13.

Also on May 21, 2012, Petitioner, through counsel, filed a motion for a mistrial or a new trial, alleging the following: the jury was permitted to hear alleged testimony from the decedent which was extremely prejudicial to Petitioner; the jury was permitted to hear information regarding text messages, cell phone calls, and the times these messages and calls were made from a police officer without any verification or documentation; counsel for Petitioner was not notified by the prosecution of the destruction of text messages; and jury verdict forms advised

2

the jurors that in order to find Petitioner not guilty, they had to do so beyond a reasonable doubt. *Id*. at 14-15.   The trial court overruled Petitioner's motion on May 23, 2012.  *Id*. at 16.

Also on May 23, 2012, the trial court held a sentencing hearing and imposed an aggregate sentence of 62 years of imprisonment to life imprisonment.  ECF Dkt. #7-1 at 17-19.

### B.     Direct Appeal

On May 23, 2012 following his sentencing, Petitioner filed a direct appeal to the Ohio Seventh District Court of Appeals.  ECF Dkt. #7-1 at 20.  Petitioner asserted the following assignments of error:

1. The trial court erred when it admitted the hearsay statements of Tracee Banks through the testimony of the witness Jamel Turner.

2. The trial court erred when it admitted the hearsay testimony of Detective Patton regarding text messages which were never authenticated.

3. The trial court erred when it denied Appellant's motion to suppress the photo lineup identification.

4. Defense counsel provided ineffective assistance by failing to stipulate to the admissibility of exculpatory cell phone records and by failing to utilize those records to impeach a key state witness.  Appellant was prejudiced by counsel's deficient performance such that he was deprived of a fair trial.

*Id*. at 22-23.  On March 22, 2013, Petitioner filed a brief with supplemental assignments of error alleging the following:

5. The trial court erred when it sentenced Appellant to multiple consecutive sentences for allied offenses of similar import in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 10 and 16, Article 1 of the Ohio Constitution.

6. The trial court erred when it submitted verdict forms to the jury which indicated that in order to find appellant not guilty they had to do so beyond a reasonable doubt.

*Id.* at 47-52. On October 31, 2013, the Ohio appellate court found no merit to Petitioner's first, second, third, fourth and sixth assignments of error, but did find merit to Petitioner's fifth assignment of error and held that the trial court should have merged the felonious assault convictions with each other and with the attempted murder conviction. *Id.* at 131-158. The court affirmed Petitioner's convictions, but remanded the case for resentencing. *Id.*

On December 16, 2013, Petitioner, through counsel, filed a notice of appeal of his convictions to the Supreme Court of Ohio. ECF Dkt. #7-1 at 159-160. In his memorandum of support of jurisdiction, Petitioner, through counsel, set forth the following propositions of law:

1. It is a Confrontation Clause violation for law enforcement officials to testify at trial with regard to the content of prejudicial alleged text messages when those text messages have not been authenticated; the doctrine of harmless error can not [sic] be utilized to justify the admission of highly prejudicial evidence.

2. It is a violation of a criminal defendant's right to Due Process of Law for a trial court to admit a photo lineup identification when the witness making the identification was shown the same photographs multiple times on multiple occasions.

3. Defense counsel's failure to utilize exculpatory phone records to refute prejudicial, hearsay text message content presented by the state amounts to ineffective assistance of counsel in violation of the Sixth Amendment.

*Id.* at 162-177. The State of Ohio waived the filing of a memorandum in response. *Id.* at 206.

On March 12, 2014, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal and dismissed the appeal. ECF Dkt. #7-1 at 207.

**C.**     **State Post-Conviction Petition**

On February 12, 2013, while his appeal was pending, Petitioner, through counsel, filed a post-conviction relief petition in the trial court. ECF Dkt. #7-1 at 270, 402. He asserted that his counsel was ineffective for: not filing investigating Petitioner's whereabouts at the time of the

4

crime and not filing a notice of alibi; not allowing Petitioner to testify at trial; failing to call specific witnesses to testify on Petitioner's behalf; failing to stipulate to the admissibility of cell phone records of a witness and failing to cross-examine a police officer; failing to use the exculpatory phone records to cross-examine the police officer; and failing to challenge an alleged substantial error by the Youngstown Police Department in administering the photo array to the witness. *Id*. at 270-280.  This petition was amended on March 4, 2013. *Id.* at 208-234.

On August 1, 2013, the trial court denied Petitioner's state post-conviction relief petition. ECF Dkt. #7-1 at 281-282.

On August 30, 2013, Petitioner, through counsel, appealed the trial court's denial of his post-conviction relief petition to the appellate court, asserting the following assignment of error:

> The trial court erred when it denied Appellant's petition for post-conviction relief without a hearing.

ECF Dkt. #7-1 at 284-302.  On December 19, 2014, the Ohio appellate court overruled the the assignment of error and affirmed the trial court's judgment. *Id*. at 340-354.

On January 29, 2015, Petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court and asserted the following proposition of law in his memorandum in support of jurisdiction:

> Appellant's Sixth Amendment right to the effective assistance of counsel was violated; the trial court failed to follow Ohio Revised Code § 2953.21 and utilized the wrong legal standard when it denied Appellant's Petition for Postconviction Relief based on ineffective assistance of counsel without a hearing.

ECF Dkt. #7-1 at 355-371.  On July 8, 2015, the Supreme Court of Ohio declined to accept jurisdiction over Petitioner's appeal and dismissed the appeal. *Id*. at 388.

5

### D. Resentencing

On July 7, 2015, the trial court issued a judgment entry resentencing Petitioner based upon the Ohio appellate court's remand and ordered that the sentences for aggravated murder and attempted murder remain the same as the original May 23, 2012 sentence.  ECF Dkt. #7-1 at 389.  390.  However, the parties agreed to vacate the sentences on both counts of felonious assault along with their respective firearm specification.  *Id.*  The court vacated the felonious assault sentences.  *Id.*

### E. Federal Habeas Corpus Petition

On February 22, 2018, Petitioner pro se executed the instant petition for a writ of federal habeas corpus and that petition was filed with this Court on March 2, 2018.  ECF Dkt. #1.  In this petition, Petitioner alleges the following four grounds for relief:

**GROUND ONE:**

> Trial court violated plantiff [sic] Sixth Amendment confrontation clause rights of U.S. Constitution.
>
> **Supporting Facts:** Trial court allowed hersay [sic] statements from Jamel [T]urner attributed to [T]racee [B]anks and hearsay testimony of Detective [P]atton. Regarding unauthenticated text messages. [sic]

**GROUND TWO:**

> The trial court violated Defendant/plaintiffs [sic] right to due process.
>
> **Supporting Facts:** The trial court admitted a photo line up investigation identification, when the witness making the I.D. was shown the same photo's [sic] multiple times on multiple occasions.

**GROUND THREE:** Plaintiffs [sic] Sixth Amendment US Constitution right to effective assistance of counsel was violated.

6

>**Supporting Facts:** Defense counsel failure to utilize exculpatory phone records to refute prejudicial hearsay text messages content and impeach, a key witness was ineffective assistance and plantiff[sic] was prejudicial[sic] by counsel deficient proformance. [sic].
>
>**GROUND FOUR:** Trial court erred when it denied appellate motion to suppress the photo line up identification.

*Id.* at 5-9. On May 9, 2018, Respondent filed the instant motion to dismiss Petitioner's federal habeas corpus petition as time-barred. ECF Dkt #7. On September 21, 2018, Plaintiff filed a response to Respondent's motion to dismiss. ECF Dkt. #10.

## II.     PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed. ECF Dkt. #7  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

>(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2). To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstances prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Correctl. Inst.* 662 F.3d 745, 749 (6th Cir. 2005), citing *Holland v.*

8

*Florida,* 560 U.S. 631m 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642. Whether equitable tolling is appropriate is a case-by-case analysis. *Id*. The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

## III.  LAW AND ANALYSIS

The undersigned recommends that this Court find that Petitioner has untimely filed his § 2254 federal habeas petition and he fails to demonstrate extraordinary circumstances or actual innocence in order to be entitled to equitable tolling. Therefore, the undersigned recommends that this Court grant Respondent's motion to dismiss the instant federal habeas corpus and dismiss the instant petition with prejudice. ECF Dkt. #7.

Petitioner in this case was required to file his federal habeas corpus petition within one year of the date on which the judgment of his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). After the state court resentenced him on July 7, 2015, Petitioner did not seek further appellate review and his window to appeal therefore ended 30 days later on August 6, 2015. Ohio App. R. 4(A). Thus, Petitioner had until August 6, 2016, one year from August 7, 2015, when direct review of his conviction and sentencing ended, in order to file the instant federal habeas corpus petition. Petitioner did not file the instant federal habeas corpus petition until February 22, 2018. ECF Dkt. #1. Further, Petitioner did not make any other state court filings that would have tolled the AEDPA statute of limitations. While Petitioner did file an application for post-conviction relief, it was resolved on July 8, 2015, a month before the AEDPA period of limitations began to run. ECF Dkt. #7-1 at 388. Accordingly, the

9

undersigned recommends that the Court find that Petitioner has untimely filed the instant federal habeas corpus petition.

Petitioner concedes that he did not timely file the instant federal habeas corpus petition. ECF Dkt. #1 at 14. However, he asserts that he was hindered from timely filing his federal habeas corpus petition for three reasons. First, Petitioner asserts that he was incarcerated at Mansfield Correctional Institution in August of 2015 and was unable to access the library because the library officer was held hostage and the library doors were blown off. *Id*. Second, Petitioner asserts that he was in segregation at the end of 2015 until the beginning of 2016 and he had no access to his legal materials. *Id.* And finally, Petitioner asserts that he "has shown due diligence in pursuing this petition." *Id.*

The undersigned recommends that the Court find that Petitioner's reasons for untimely filing his federal habeas corpus petition do not constitute extraordinary circumstances warranting equitable tolling of his federal habeas corpus petition. As to the library shut-down at Mansfield Correctional Institution, Petitioner fails to provide any evidence as to how long the library was shut down or the specific time in which he lacked access to legal materials. *See* ECF Dkt. #1 at 14. Rather, Petitioner simply makes the claim that "the library was shut down" and he does not indicate if the library was ever reopened. *Id.* Regarding his claim of being in segregation from the end of 2015 to the beginning of 2016, Petitioner does not provide any evidence or concrete dates as to this segregation. *Id.* Generally, a petitioner's pro se or incarcerated status, his ignorance of the law, or his limited law library access do not constitute grounds for the equitable tolling of the statute of limitations. *See Hall v. Warden, Lebanon Correctl. Inst.*, 662 F.3d 745, 752 (6th Cir.2011)(distinguishing *Solomon v. U.S.* 467 F.3d 928 (6th Cir.2006), where Sixth Circuit found equitable tolling in part because of limited law library access and unavailability of

10

trial transcript because in addition to these circumstances, Solomon was also transferred to another prison without his legal materials, placed in administrative detention, and transferred to another prison a few weeks before his federal habeas corpus petition was due). In addition to Petitioner's lack of support and specific dates as to these two incidents in this case, he additionally fails to explain how or why these 2015 and early 2016 issues prevented him from filing the instant federal habeas petition sooner than February 22, 2018. Consequently, the undersigned agrees with Respondent that Petitioner has also failed to support his assertion that he has "shown due diligence in pursuing this petition." ECF Dkt. #7 at 13.

For these reasons, the undersigned recommends that the Court find that Petitioner has failed to establish that he pursued his rights diligently, or that extraordinary circumstances prevented him for otherwise filing this petition in a timely manner. With respect to the actual innocence exception, the undersigned finds that Petitioner has not provided any evidence to show that there has been a "miscarriage of justice," and he has failed to demonstrate that it is more likely than not that no reasonable juror would have convicted him in the light of any new evidence.

## IV.     RECOMMENDATION AND CONCLUSION

For the above reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's federal habeas corpus petition as untimely filed (ECF Dkt. #7) and find that Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations, and he is otherwise not entitled to consideration under the actual innocence

11

exception. Accordingly, the undersigned recommends that this Court dismiss Petitioner's federal habeas corpus petition with prejudice. ECF Dkt. #1.

Dated: December 12, 2018            */s/George J. Limbert*
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE

     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).