UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELVIN SHAW, JR.,                          )        CASE NO.: 4:18CV487
                                           )
        Petitioner,                        )        JUDGE JOHN ADAMS
                                           )
                                           )
                                           )
WARDEN THOMAS SCHWEITZER,                  )        **ORDER AND DECISION**
                                           )
        Defendant.                         )
                                           )


        This matter appears before the Court on objections to the Report and Recommendation of

the Magistrate Judge filed by Petitioner Melvin Shaw, Jr.   Upon due consideration, the Court

overrules the objections and adopts the Report and recommended findings and conclusions of the

Magistrate Judge and incorporates them herein.   Therefore, it is ordered that the petition is hereby

DISMISSED.

        Where objections are made to a magistrate judge's R&R this Court must:

        must determine de novo any part of the magistrate judge's disposition that has been
        properly objected to. The district judge may accept, reject, or modify the
        recommended disposition; receive further evidence; or return the matter to the
        magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter concluded that Shaw's petition was barred by the one-year statute of limitations contained in the AEDPA. The R&R further analyzed Shaw's claim that equitable tolling saved his petition and found the claim to lack merit. In his objections, Shaw does not claim error in the R&R. Instead, he attempts to supplement his prior filings to fill in the information that the R&R found lacking. Even assuming that such a supplement is proper, the additional information provided by Shaw does not alter the result reached by the R&R.

The Sixth Circuit has held that the doctrine of equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in some circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The doctrine applies when the "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [a] litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has identified five factors to consider when determining whether equitable tolling is appropriate:

> 1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the [respondent]; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* at 561.

Shaw's claim for equitable tolling appears to be based solely on two of these factors: that he was diligent in pursuing his rights, and that equitable tolling would present no prejudice to the Respondent. Shaw's evidence for his due diligence, however, focused entirely on his efforts in state court. The Sixth Circuit has held that diligence in state proceedings does not excuse unexplained delay in filing a habeas petition. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004). Herein, Shaw attempts to exclude 399 days from his one-year deadline simply by virtue of the fact that he was held at the Southern Ohio Correctional Facility ("SOCF"). Shaw contends

that access to the law library was limited and that he was told "that he either had to pay for computer time or fight for it." Doc. 15-1 at 4. Shaw's contention that the entirety of his time at SOCF should be excluded is unsupported by any existing precedent and his conclusory statements about access to the law library do no warrant equitable tolling.

Similarly, even in his objections, Shaw offers no evidence of his diligence during his time at SOCF. Instead, Shaw just states that he was unable to work on his petition during that time. As such, Shaw has not demonstrated due diligence in pursuing his petition. Accordingly, equitable tolling is not warranted.

Having found no merit to the objections raised by Shaw, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED in its entirety as barred by the statute of limitations.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


March 21, 2019                           */s/ John R. Adams*
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE